UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81159-CIV-MARRA

EDDIE HOGGINS,

        Plaintiff,

vs.

MID-CONTINENT CASUALTY COMPANY
a/k/a MID-CONTINENT GROUP,

        Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff Eddie Hoggins' Motion to Remand (DE 5).

Defendant responded. (DE 12). No reply was filed. The Court has considered the briefs of the parties

and is otherwise advised in the premises.

## I. Background

On July 20, 2005, Plaintiff was electrocuted while working construction. He brought a state

court negligence action for damages against the project's general contractor on April 23, 2009 (DE 12,

Attach. 1: Underlying Complaint), but the general contractor's insurer, Defendant Mid-Continent

Casualty Company, denied coverage for Plaintiff's claim and refused to defend it.

On May 8, 2012, Plaintiff and the general contractor entered into a settlement agreement that

included a stipulation of a reasonable sum for Plaintiff's damages, entry of a consent judgment against

the general contractor in the stipulated amount, an agreement that Plaintiff would not execute the

consent judgment against the general contractor, and an assignment to Plaintiff of all claims that the

general contractor had against Defendant Mid-Continent.[1] (DE 1, Attach. 2 at 82–86: *Coblentz* Agreement). Under the terms of the *Coblentz* agreement, the state trial court entered the consent judgment against the general contractor on June 21, 2012. (DE 1, Attach. 2 at 87). The court subsequently granted Plaintiff's motion for leave to amend to file a supplemental complaint on September 20, 2012 (DE 1, Attach. 2 at 45), and the complaint that was attached to Plaintiff's motion was deemed filed as of that date. The supplemental complaint brought a breach of contract claim against Defendant Mid-Continent. (DE 1, Attach. 2 at 46–55: Supplemental Complaint).

Mid-Continent removed the action to this Court on October 19, 2012 based on diversity of citizenship. (DE 1). Plaintiff now moves to remand on the ground that, among other things, Defendant's removal was untimely because it was over a year after the filing of Plaintiff's initial complaint. (DE 5). For the reasons that follow, the Court agrees with Plaintiff that Defendant's removal was untimely.

## II. Legal Standard

"The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006) (citing *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am.*

---

[1] Such agreements are commonly termed *Coblentz* agreements. *See generally Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969). The Florida Supreme Court has described these agreements as follows: "The opportunity for a settlement without the agreement of the insurer traditionally has occurred where an insurer breaches its duty to defend, leaving the insured 'to its own devices' to settle the case or proceed to trial. In those circumstances, the insured is left unprotected and may enter into a reasonable settlement agreement with the third-party claimant and consent to an adverse judgment for the policy limits that is collectable only against the insurer. These agreements are known as *Coblentz* agreements, based on the United States Fifth Circuit Court of Appeals case." *Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 900 (Fla. 2010) (citations omitted).

*Tobacco Co.*, 168 F.3d 405, 411(11th Cir. 1999). "A removing defendant," in this case Mid-Continent,

"bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967,

972 (11th Cir.2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir.2001)).

### III. Analysis

As a threshold matter, "a case may not be removed on the basis of jurisdiction conferred by

[28 U.S.C. § 1332 (diversity of citizenship)] more than one year after commencement of the action."

28 U.S.C. § 1446(b) (2009).[2] Here, Plaintiff filed his initial complaint on April 23, 2009. Mid-

Continent did not remove the action until October 19, 2012—over three years later. "To avoid the clear

restriction articulated in § 1446(b)," *see Potts v. Harvey*, 11-80495-CIV, 2011 WL 4637132 (S.D. Fla.

Oct. 6, 2011), Mid-Continent asserts that its removal was timely because the filing of Plaintiff's

supplemental complaint "instituted a new and separate action, and the removal period did not accrue

until [Mid-Continent] was served with the [s]upplemental [c]omplaint on September 27, 2012." (DE

12 at 3). This Court has rejected that argument before.

The thrust of Mid-Continent's argument is that, while the supplemental complaint is not a

"separate and independent" action removable under 28 U.S.C. § 1441(c),[3] this Court should follow

several district court decisions that have applied an analysis similar to the "separate and independent"

test to "bad faith" insurance claims and have held that the one-year provision is inapplicable to post-

judgment claims against an insurer. (DE 12 at 4–13) (citing *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp.

---

[2] The Court applies the 2009 version of § 1446 because that was the statute in effect at the time Plaintiff filed his initial complaint. *See Moultrop v. Geico Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1345 n.1 (S.D. Fla. 2012); *see also Riley v. Ohio Cas. Ins. Co.*, 855 F. Supp. 2d 662, 665 n.1 (W.D. Ky. 2012).

[3] In 2009, § 1441(c) provided that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[federal question] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

2d 1319 (M.D. Fla. 2009); *Barnes v. Allstate Ins. Co.*, No. 8:10-cv-2434-T-30MAP, 2010 WL

5439754 (M.D. Fla. Dec. 28, 2010); *Love v. Prop. & Cas. Ins. Co. of Hartford*, No. 8:10-CV-649-T-

27EAJ, 2010 WL 2836172 (M.D. Fla. July 16, 2010); *Ball v. Cont'l Cas. Co.*, No. 3:09 CV 1252,

2009 WL 2151781 (N.D. Ohio July 15, 2009); *and Lahey v. State Farm Mut. Aut. Ins. Co.*, No. 8:06-

CV-1949-T27-TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007). These cases have all treated the

claims at issue as independently removable notwithstanding that the removal was effected over one

year after the initial claim was initiated.

In *Potts v. Harvey*, however, this Court rejected the rationale of these courts and—by

extension—the precise argument that Mid-Continent advances:

> Here, [the defendant] attempts to do precisely what Congress set out to prohibit
> through its 1990 amendment to § 1441(c): apply the "separate and independent" test
> to diversity cases. [The defendant's] underlying argument is that because a bad faith
> claim in Florida is a "separate and independent" cause of action, the one-year
> limitation imposed by § 1446(b) commences anew when the "separate and
> independent" claim is asserted in the lawsuit. However, whether a bad faith claim is
> "separate and independent" from an underlying claim in negligence is a question that
> Congress has deemed irrelevant when a party seeks to exercise its statutory right to
> removal in diversity cases. Accordingly, [the defendant's] ability to remove this matter
> from state to federal court is barred by the one-year limitation imposed by § 1446(b).
>
> The Court recognizes that other courts have reached different conclusions when
> considering the issue of whether a bad faith claim raised in Florida is tantamount to a
> new claim warranting a circumvention of the one-year time bar imposed by § 1446(b).
> *Compare Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172 (M.D. Fla.
> 2010), *Curran v. State Farm Mut. Auto. Ins. Co.*, No. 6:09-cv-463-Orl-28DAB, 2009
> WL 2003157 (M.D. Fla. 2009), *and Lahey v. State Farm Mut. Aut. Ins. Co.*, 2007 WL
> 2029334 (M.D. Fla. 2007) (denying motions to remand bad faith claims raised more
> than one year after the underlying action) *with Arroyave v. State Farm Mut. Auto. Ins.
> Co.*, No. 08–14125–cv–Graham/Lynch (S.D. Fla. 2008), *Daggett v. Am. Sec. Ins. Co.*,
> No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576 (M.D. Fla. 2008), *Suncoast Country
> Clubs, Inc. v. U.S. Fire Ins. Co.*, No. 8:06-cv-1238-T-23MSS, 2006 WL 2534197
> (M.D. Fla. 2006), and *McCreery v. State Farm Mut. Auto. Ins. Co.*, No. 07-80489-
> CIV-Hurley/Hopkins (S.D. Fla. Sept. 4, 2007) (granting motions to remand bad faith
> claims raised more than one year after the underlying action).
>
> The progeny of cases that have favored removal, however, fail to discuss when

it is appropriate to apply a "separate and independent" analysis in the removal context, let alone the statutory prohibition against such an application in the diversity context. In *Lahey*, the plaintiffs amended their initial complaint five years later to seek, for the first time, damages for insurer bad faith pursuant to Florida law. *See* 2007 WL 2029334 at *1. In deciding whether removal was appropriate pursuant to § 1446(b), the Middle District of Florida discussed whether a bad faith claim is "separate and independent of" an underlying uninsured motorist claim. *See id.* at *1–*2. After answering this question in the affirmative, the Middle District concluded its analysis by stating [that] "[s]ince Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed." 28 U.S.C. § 1446(b). *Id.* at *2. The *Lahey* court, however, failed to provide any rationale for its application of a "separate and independent" analysis to § 1446(b). *Love* and *Curran*, the two other relevant cases relied on by [the defendant] that support removal, each simply cite to *Lahey* without providing any independent analysis for why a "separate and independent" analysis should be applied to a diversity case governed by § 1446(b). *See Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172; *Curran v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2003157. Like *Lahey*, both of those cases simply discuss whether actions for bad faith are "separate and independent" from an underlying action, failing to provide any basis for applying that test to diversity cases.

*Potts*, 2011 WL 4637132, at *2–*3. Of the cases Mid-Continent cites in support of its position,

*Potts* explicitly rejected *Love* and *Lahey*, and implicitly rejected the others because they are based on

the same rationale. Moreover, the Court sees no reason why the rationale of *Potts*—which would

foreclose Mid-Continent's argument in the "bad faith" insurance claim context—should not apply in

the context of a defendant insurer's attempt to remove a new claim brought pursuant to a *Coblentz*

agreement.

## IV. Conclusion

Consistent with *Potts* and the courts that have cited it approvingly, *see Moultrop v. Geico Gen.*

*Ins. Co.*, 858 F. Supp. 2d 1342, 1347 (S.D. Fla. 2012); and  *Riley v. Ohio Cas. Ins. Co.*, 855 F. Supp.

2d 662, 664–70 (W.D. Ky. 2012), the Court concludes that whether a third party claim brought under

the terms of a *Coblentz* agreement is "separate and independent" from an underlying claim in negligence

"is a question that Congress has deemed irrelevant when a party seeks to exercise its statutory right to

removal in diversity cases." *Potts*, 2011 WL 4637132, at *2. As the court stated in *Moultrop*:

> In general, when an action is "commenced" for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed. Under the law of Florida, where this action was initially filed, a civil action is deemed to have "commenced" on the date the initial complaint is filed.
>
> Further, even when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the "commencement of the action" is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses. Thus, the plain language of § 1446(b) suggests that "commencement of the action" means the filing of the original complaint that sets in motion the resolution of all claims that may be properly disposed of in the action.
>
> The court accordingly concludes that "commencement of the action" under § 1446(b) occurs when an original complaint is filed, and that the addition of a new claim does not reset the one-year limitation period.

*Moultrop*, 858 F. Supp. 2d at 1346–47 (internal citations omitted). Here, the original complaint was filed on April 23, 2009, so the action was commenced on April 23, 2009. Even if Plaintiff's claim under the *Coblentz* agreement constitutes a "separate and independent" cause of action, Plaintiff did not file a new lawsuit to pursue that claim. Rather, he filed a with a supplemental claim by amending the original complaint in the underlying suit against the tortfeasor. *See McCreery*, No. 07-80489-CIV-HURLEY/HOPKINS, DE 10 at 3–4 (S.D. Fla. Sept. 4, 2007). Because Mid-Continent's removal of this action did not occur until October 19, 2012—over three years after the "commencement of the action"—that removal was untimely.[4]

_____

[4] This result may not foreclose Mid-Continent's attempt to litigate this matter in federal court. After this Court granted the plaintiff's motion to remand in *Potts*, the defendant insurance company moved to dismiss or sever the bad faith claim at issue. *Gen. Ins. Co. v. Harvey*, __ So. 3d __, No. 4D12-1525, 2013 WL 238162, at *1 (Fla. Dist. Ct. App. Jan 23, 2013). The trial court denied the motion, but the insurance company successfully petitioned the district court of appeal for a writ of certiorari on the grounds that the denial of the motion defeated the insurance company's "right to have the action removed to federal court" and that "[t]he loss of this statutory right of removal is among the narrow class of matters subject to certiorari review." *Id.* After reviewing the relevant nonjoinder statute, the court of appeal concluded that the statute was not intended to allow parties to inject bad faith insurance claims into their underlying tort actions. *Id.* at *2. And, perhaps more significantly, the court held that "[a] third party bad faith claim against an insurer for failure to settle may not be brought in the underlying tort action but must be raised in a separate cause of action." *Id.* at 4.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Eddie Hoggins' Motion

to Remand (DE 5) is **GRANTED.** This case is **REMANDED** to state court. The Clerk is directed to

transfer this case back to the Circuit Court of the Fifteenth Judicial District of Florida. This case is

**CLOSED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 30th day of January

2013.

_____
KENNETH A. MARRA
United States District Judge

---

Consistent with the district court of appeal's opinion in *Harvey*, on remand Defendant may attempt to have the claim brought under the *Coblentz* agreement dismissed on the basis that the claim "may not be brought in the underlying tort action but must be raised in a separate cause of action." If Defendant is successful in that attempt and Plaintiff is forced to file a new lawsuit in order to pursue the *Coblentz* claim, Defendant will then be able to remove the case in a timely manner assuming diversity jurisdiction exists.